Filed 12/19/25  P. v. Gregg CA4/3
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G060803 |
| v. | (Super. Ct. No. 21CF0388) |
| JONATHAN LEE GREGG, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Andre Manssourian, Judge. Affirmed in part, reversed in part, and remanded with directions.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Felicity Senoski, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Jonathan Lee Gregg guilty of attempted murder and assault of a minor under the age of 18 with intent to commit a sexual offense. On appeal, Gregg seeks resentencing given an amendment to Penal Code section 1170 (all undesignated statutory references are to this code). He also argues the trial court abused its discretion by declining to strike two passages from the probation report.

In our prior opinion in this matter, we affirmed the trial court's judgment. (*People v. Gregg* (May 24, 2023, G060803) [nonpub. opn.].) Gregg petitioned for review. The California Supreme Court granted the petition and deferred the matter pending the disposition of *People v. Lynch* (2024) 16 Cal.5th 730 (*Lynch*). After its decision in *Lynch*, the Supreme Court transferred the matter to this court with directions to vacate our decision and reconsider the cause in light of *Lynch*. In accordance with the Supreme Court's directions, we vacated our prior decision. Both parties thereafter filed supplemental briefing.

In light of *Lynch*, we find the trial court committed prejudicial error because it is conceivable a jury would not have reached the same conclusion as the trial court on one of the aggravating factors: whether Gregg "engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(b)(1).) We vacate Gregg's sentence and remand the matter for litigation of the alleged aggravating circumstances and full resentencing. In all other respects, we affirm the judgment.

FACTS

We generally restate the facts from our prior opinion, *People v. Gregg, supra,* G060803. The evidence at trial established Gregg met a depressed and suicidal minor online and, at her request, agreed to kill her in exchange for $200 and her cell phone. When the minor attempted to back out

2

and told Gregg she needed time to get her affairs in order, he told her, "No, you need to do it now, while you still have the resolve."

Gregg and the minor met the following morning. She told him she was 16 and gave him $200. After first considering whether he could assist the minor in jumping off a bridge, Gregg drove her to a secluded space at a park and she gave him her cell phone. He told her, "Once you're ready, just turn around."

When the minor did turn around, Gregg began to choke her and hit her head against a brick wall. Although the minor, who was groggy from ingesting pills and alcohol, had not consented to any sexual contact, Gregg also groped her breast, removed her clothing, rubbed his penis against her vagina and attempted to penetrate her. Despite her impairment, the minor was able to get away; Gregg left her lying naked on the ground. Before leaving, he took her clothing and cell phone.

In September 2021, following a jury trial, Gregg was convicted of attempted murder (§§ 664, subd. (a), 187, subd. (a)) and assault of a minor under the age of 18 with intent to commit a sexual offense (§ 220, subd. (a)(2)). The jury found true the allegation that the attempted murder was done willfully, deliberately, and with premeditation.

The probation officer's report listed these circumstances in aggravation: Gregg's crime involved great violence; a threat of great bodily harm and callousness; a victim who was particularly vulnerable; planning; violence indicating a serious danger to society; and the violation of a position of trust. Circumstances in mitigation were the victim sought assistance to end her life and Gregg had no criminal record.

The court sentenced Gregg to seven years to life on the attempted murder charge, plus a consecutive upper determinate term of nine years on

3

the assault charge. In explaining its decision to impose the upper term, the court told Gregg, "I am not sure I have the appropriate words to capture how horrific your conduct was in this case. It's shocking, inhumane the things you did. [¶] If I could have sentenced you to more time, I would sentence you to every minute of time available. There is no purpose for you to walk the streets again. Nothing. Despite your childhood, despite what you have done, it has to be this way right now because you being on the streets is not safe for this community. This community can't have somebody like you out of prison ever again."

The court added, "To prey on a 16-year-old vulnerable child like that, to lure her to her own suicide, to take her up on the idea of killing her, to bash her head against the concrete, to do the one thing she asked not to have happen the night before on those text exchanges which was a sexual assault, and, of course, you topped it off by leaving her for dead."

The court ended with this: "And the cherry on top, truly the icing on the cake is your utter lack of remorse all the way through to the end. Our last contact with each other will be you demonstrating that you have no remorse for [the victim], no remorse for what you did, referring to the jury's verdict as a wrongful conviction in the probation report. Needless to say, I will be giving you the maximum possible punishment."

DISCUSSION

At the time of Gregg's sentencing, former section 1170 permitted the trial court to select any of three terms—lower, middle, or upper—as defendant's determinate sentence. But since an amendment to section 1170 became effective on January 1, 2022, courts' sentencing discretion has been

4

"constrained by a presumption against the upper term."[1] (*Lynch, supra,* 16 Cal.5th at p. 774.) As section 1170, subdivision (b)(1) sets forth, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2)."

Paragraph (2) specifies when a trial court may impose the upper term: "The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term and the facts underlying those circumstances have been stipulated to by the defendant or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) In *Lynch*, the California Supreme Court interpreted paragraph (2) as follows: "By referring to aggravating circumstances 'that justify the imposition of' an upper term sentence [citation], the statute contemplates *all* of the aggravating circumstances that the court actually relies on to justify the sentence, not some subset of those circumstances. [Citation.] It then specifies that the facts underlying '*those* circumstances,' i.e., the same circumstances the trial court relies on to 'justify the imposition of' an upper term sentence, must be proven as the statute requires." (*Lynch, supra,* 16 Cal.5th at pp. 759–760.) Accordingly, section 1170, subdivision (b) "operates in such a manner as to trigger the Sixth Amendment jury trial right with respect to every

_____

[1] The 2022 amendment "applies retroactively to defendants," such as Gregg, "whose judgments were not final on direct appeal at the time the statute took effect." (*Lynch, supra,* 16 Cal.5th at p. 742.)

5

aggravating fact . . . the trial court uses to justify an upper term sentence." (*Lynch*, at p. 768.)

In reviewing a resentencing case where the trial court applied the former version of section 1170, subdivision (b), the appellate court must consider prejudicial error under *Chapman v. California* (1967) 386 U.S. 18. (*Lynch, supra,* 16 Cal.5th at pp. 742–743.) "[A] Sixth Amendment violation occurs when the trial court relies on unproven aggravating facts to impose an upper term sentence, even if some other aggravating facts relied on have been properly established. The violation is prejudicial unless an appellate court can conclude beyond a reasonable doubt that a jury would have found true all of the aggravating facts relied upon by the trial court to justify an upper term sentence, or that those facts were otherwise proved true in compliance with the current statutory requirements." (*Lynch, supra,* 16 Cal.5th at p. 768.)

*Lynch* "cautioned that a prejudice analysis following a change in the law respecting proof of aggravating circumstances 'can be problematic. The reviewing court cannot assume that the record reflects all of the evidence that would have been presented to the jury, or that the defendant had the same incentive and opportunity at a sentencing hearing to contest the aggravating circumstance. [Citation.] . . . "Many of the aggravating circumstances described in the rules require an imprecise quantitative or comparative evaluation of the facts."'" (*Lynch, supra,* 16 Cal.5th at pp. 775–776.)

Here, we find prejudicial error under *Chapman* as to one of the aggravating factors that the trial court found to be true: "The defendant has engaged in violent conduct that indicates a serious danger to society." (Cal. Rules of Court, rule 4.421(b)(1). The jury instruction for this aggravating

6

factor requires: "1. The defendant has engaged in violent conduct; [¶] AND [¶] 2. The violent conduct, considered in light of all the evidence presented[ and the defendant's background], shows that the defendant is a serious danger to society." (CALCRIM No. 3234.) CALCRIM No. 3234 elaborates: "You may not find the allegation true unless all of you agree that the People have proved that the defendant's violent conduct was distinctively worse than that posed by an ordinary commission of the underlying crime and that the violent conduct, considered in light of all the evidence presented[ and the defendant's background], shows that the defendant is a serious danger to society."

A determination of this factor involves the fact finder to engage in a comparative and qualitative evaluation of Gregg's conduct, including his background, which makes it generally "'"'"difficult for a reviewing court to conclude with confidence that, had the issue been submitted to the jury, the jury would have assessed the facts in the same manner as did the trial court."'"'" (*People v. Wiley* (2025) 17 Cal.5th 1069, 1090.) Thus, given the record here, we find the error to be prejudicial under *Chapman*.

We need not address the other aggravating factors found to be true by the trial court. "Because we cannot find the omission of a jury trial harmless beyond a reasonable doubt as to *every* aggravating fact relied upon by the trial court to impose an upper term," Gregg's "sentence must be reversed." (*Lynch, supra,* 16 Cal.5th at p. 776.)

## DISPOSITION

The sentence is vacated and the matter is remanded for litigation of the aggravating circumstances, after which the trial court is ordered to conduct a full resentencing consistent with this opinion. In all other aspects, the judgment is affirmed.


MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


SCOTT, J.